DECISION.
Defendant-appellant Irene Gumenick was charged by information with corruption of a minor in violation of R.C. 2907.04. On April 14, 1999, Gumenick withdrew her plea of not guilty and entered a plea of no contest. The trial court accepted the plea, found Gumenick guilty as charged, and on May 18, 1999, sentenced her to community control for a period of five years. On September 22, 2000, based upon evidence adduced at a hearing on a report of a community-control violation, the trial court revoked Gumenick's community-control sanction and sentenced her to a term of confinement of nine months.
On appeal from the judgment of conviction entered thereon, Gumenick advances a single assignment of error, in which she contends that the trial court sentenced her in contravention of the controlling sentencing provisions when it imposed a term of confinement greater than the statutory minimum. We find this challenge to be well taken.
Gumenick had not previously been imprisoned. That circumstance required the court to impose the shortest prison term authorized by statute, "unless the court [found] on the record that the shortest prison term [would] demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
An offender may challenge on appeal the imposition of any sentence that is "contrary to law." See R.C. 2953.08(A)(4). "If the [appellate] court clearly and convincingly finds * * * that the record does not support the sentence * * * [or t]hat the sentence is otherwise contrary to law," the court may "increase, reduce, or otherwise modify" an appealable sentence or "vacate the sentence and remand the matter to the trial court for resentencing * * *." See R.C. 2953.08(G)(1)(a) and (d).
Corruption of a minor, as charged in the information, is a fourth-degree felony, for which Gumenick was subject to a minimum term of confinement of six months. See R.C. 2907.04(B)(1) and 2929.14(A)(4). In the process of sentencing Gumenick to a greater-than-minimum term of confinement of nine months, the court prepared and placed of record a worksheet memorializing its felony-sentencing findings. The court did not, however, record on the felony-sentencing worksheet a finding that the imposition of the shortest prison term would "demean the seriousness of the offense" or would "not adequately protect [the] public." Nor can the court's remarks from the bench during the sentencing hearing be said to satisfy R.C. 2929.14(B)'s requirement that a greater-than-minimum sentence of confinement be predicated upon such a finding.
We, therefore, hold that the trial court erred as a matter of law by imposing a sentence of confinement greater than the minimum sentence prescribed by statute, and on that basis, we sustain Gumenick's sole assignment of error. Accordingly, we vacate the sentence and remand this cause to the trial court for resentencing. In all other respects, we affirm the judgment of the court below.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.